# Ex Parte John Hutchings.

1. BAIL.— PRIMA FACIE, the sum of five hundred dollars is not an unreasonable or excessive amount to require as bail upon a charge of felony.   Whether excessive in fact depends largely upon the pecuniary condition of the accused.   A sum which would be trivial to a wealthy man might be oppressive of a poor one.

2. SAME — PRACTICE IN THIS COURT.— To authorize this court to reduce an ostensibly reasonable amount of bail fixed by the court below, the pecuniary circumstances and ability of the applicant should be shown in the record.

HABEAS CORPUS on appeal from a judgment in chambers rendered by the Hon. W. H. STEWART, Judge of the 26th Judicial District.

The opinion states the case.

*Walter L. Wilson*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

HURT, J.  The applicant was charged by complaint, before the recorder of the city of Galveston, with an assault with intent to murder.  After an examination of the charge by that officer, an order of commitment was made by the recorder in default of bail in the sum of five hundred dollars.

Applicant applied for, and obtained from the Hon. William H. Stewart, District Judge of that district, the writ of *habeas corpus*.  The object of the writ was for the purpose of reducing the bond, and not the discharge of the applicant.

The Honorable District Judge refused to reduce the bond, and remanded the applicant to the custody of the officer.  From this order of the court the applicant appeals to this court.

We cannot rule that a bond in a felony case in the amount of five hundred dollars is excessive and oppressive.  This depends, among other things mentioned in the Code, upon the pecuniary condition of the party.  If wealthy the amount would be quite insignificant compared to a term in the penitentiary; if poor, very oppressive, if not a denial of the bail.  Ordinarily in felony cases, a five hundred dollars bond is quite reasonable.  The

statement of facts being silent on this point, we will not presume that his Honor below acted harshly or oppressively towards applicant. To authorize us, the bond being reasonable under such a charge, to reduce the amount, proof of the applicant's pecuniary condition should have been made, thereby pointing out to us the wrong done to applicant by the honorable judge below.

That the applicant should have been discharged is not contended by his learned counsel. No other points are presented in the record.

There being no evidence as to the financial ability of applicant, it does not appear that the honorable judge below erred in refusing to reduce the amount of bail. The judgment is therefore affirmed.

*Affirmed.*